UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Landry Road Nursing Home of Lafayette, Inc., et al | Civil Action No. 04-1027 |
| versus | Judge Tucker L. Melançon |
| The Travelers Indemnity Co. of Il. | Magistrate Judge Methvin |

**MEMORANDUM RULING AND JUDGMENT**

Before the Court is a Motion For Entry Of Final Judgment Adopting And Homologating Appraisal Ruling[1] filed by defendant, The Travelers Indemnity Company of Illinois ("Travelers") [Rec. Doc. 15], and a memorandum in opposition filed by plaintiff, Landry Road Nursing Home of Lafayette, Inc d/b/a/ Lady of the Oaks Retirement Manor ("Lady of the Oaks") [Rec. Doc. 20]. For the reasons that follow, the motion will be denied.

*Background*

Plaintiff owns and operates a nursing home in Lafayette, Louisiana. Travelers issued a policy of insurance to "Health Care Related Facilities Property Association" bearing the Policy No. KRJ-CMB-123D952-3-02 and a Health Care Related Facilities Property Association Coverage Summary that identified "DBA: Lady of the Oaks Retirement Manor, Landry Road Nursing Home, Inc." as a Member Insured under the foregoing policy ("the Policy").

---

[1] Based on the record before it, the Court will consider Travelers' motion as a motion for summary judgment.

The Policy provided plaintiff with insurance coverage for certain weather-related property damage at plaintiff's nursing home.

On or about October 7, 2002, plaintiff reported that it sustained property damage as a result of Hurricane Lilli. Following its investigation of the claim, Travelers paid certain losses, but a dispute arose as to the amount of the loss to the roof of the main building. Plaintiff contended that the loss from the storm was over $100,000, the cost of replacement of the roof. Travelers asserted that the disrepair of the roof was not related to storm damage at all. Travelers made a written demand for an appraisal as provided in the Policy, as follows:

GENERAL CONDITIONS

All coverages included in this policy are subject to the following conditions.

* * *

C. APPRAISAL

If the Company and the Insured disagree on the value of the property, the amount of net income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that a judge of a court having jurisdiction make the selection. The appraisers will state separately the value of the property, the amount of loss or the amount of net income and operating expense. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Traveler's Policy.

After each party selected an appraiser, an umpire could not be decided on, therefore plaintiff filed a Petition and Application for Appointment of Umpire in the 15th Judicial District Court for the Parish of Lafayette. *Petition & Application for Appt. of Umpire.* Based on plaintiff's Petition, the court

appointed Judge Charles Hanemann to serve as umpire. *Joint Motion & Order.* Judge Hanemann arranged for the appraisers and himself to jointly inspect the subject roof and conduct the appraisal on August 25, 2003. *8/14/03 Corr. from Hanemann; Motion, Exh. D.* On August 25, Judge Hanemann and the appraisers met at plaintiff's facility and inspected the roof. *Appraisal Report; Motion, Exh. F at 3.* On September 7, 2003, Judge Hanemann issued a Report of Appraisal finding that the roof of the facility was not damaged by Hurricane Lili, but rather was damaged through normal wear and deterioration, and therefore, there was no loss under the Policy. *Id. at pp. 2-5.* Lady of the Oaks brought this action in state court seeking coverage under the Policy. Travelers removed this matter on the basis of diversity jurisdiction, and in the instant motion, moves the Court to make the umpire's appraisal decision a final judgment.

*Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 122-23 (1986). The responding party may not rest on mere allegations made in the pleadings as a

3

means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*Analysis*

In the instant motion, Travelers contends that the findings and determination of "[Judge Hanemann's and the appraisers'] appraisal should be homologated by this Court through a final judgment" pursuant to the terms of the appraisal provision in the Policy. In support of its motion, Travelers relies on the appraisal provision of the Policy, set out above. Travelers asserts that the jurisprudence is settled that stipulations providing for an appraisal such as in the instant policy are valid and enforceable in the event there is a disagreement over the value of property damage, thus plaintiff must now abide by the appraisal rendered.

Lady of the Oaks argues that Travelers cannot use the appraisal process to divest the Court of jurisdiction. Travelers, Lady of the Oaks maintains, is in effect using the appraisal process to deny coverage under the Policy rather than merely to address the amount of loss once coverage has been established.

The Policy language setting out the appraisal provision, as stated in the foregoing, clearly provides that the appraisal process involving the umpire is

4

invoked when there is a dispute in the "amount of loss." *Travelers' Policy*. The umpire in this case, however, did not make merely an "amount of loss" determination. Instead, the umpire made a determination as to the cause of the loss... that the roof damage was not caused by the hurricane, and therefore, a determination that the damage was not covered by the Policy. The umpire's statement in his report, that it was his duty "to decide not coverage in a legal sense, but 'the amount of loss,'" is contrary to the actual determination made. *Umpire's Report; Memo. in Oppo.; Exh. B*. The Court notes that the appraisal section in the Policy provides, "[i]f there is an appraisal, [Travelers] will retain its right to deny the claim." *Travelers' Policy*.

While Travelers contends that the jurisprudence supports its position that the umpire's determination as to the cause of the damage was appropriate, the jurisprudence cited by Travelers only provides general support for the validity of the appraisal process in determining the amount of loss of a claim and not the cause of the loss. *See, i.e., Girard v. Atlantic Mutual Ins. Co.*, 198 So.2d 444, 445-47 (La.App. 4th Cir. 1967); *Fourchon Docks, Inc. v. National Union Fire Ins. Co.*, 1988 WL 32938, at *8(W.D. La. 1966)(determining what portion of the loss of plaintiff's property was due to Hurricane Juan). The jurisprudence is clear that policy provisions requiring the insured to submit the amount of his loss to private appraisal, although valid, are somewhat in derogation of his right to have his dispute determined by the courts and should be strictly construed. *Girard*, 198 So.2d at 447. Accordingly,

IT IS ORDERED that the Motion for Entry of Final Judgment Adopting and Homologating Appraisal Ruling filed by The Travelers Indemnity Company of Illinois [Rec. Doc. 15] is DENIED;

IT IS FURTHER ORDERED that within ten (10) days of the entry of this Judgment, the parties are to file a Motion to Accept Joint Plan of Work, setting forth the deadlines necessary to prepare this matter for trial.

Thus done and signed this 2nd day of August, 2005 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE